1
2                    UNITED STATES DISTRICT COURT
3                   CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
4
5
   UNITED STATES OF AMERICA,     )
6                                )
                                 )
7        PLAINTIFF,              )
                                 )
8        VS.                     ) CASE NO.: 14-MJ-2516
                                 )
9                                )
   QUANG CHAM,                   )
10                               ) LOS ANGELES, CALIFORNIA
                                 )
11       DEFENDANT.              ) DECEMBER 30, 2014
                                 ) (9:54 A.M. TO 10:06 A.M.)
12 _____)
13
14                       DETENTION HEARING
             BEFORE THE HONORABLE JEAN P. ROSENBLUTH
15               UNITED STATES MAGISTRATE JUDGE
16
17
   APPEARANCES:            SEE NEXT PAGE
18
   COURT REPORTER:         RECORDED; COURT SMART
19
   COURTROOM DEPUTY:       BEA MARTINEZ
20
   TRANSCRIBER:            DOROTHY BABYKIN
21                         COURTHOUSE SERVICES
                           1218 VALEBROOK PLACE
22                         GLENDORA, CALIFORNIA  91740
                           (626) 963-0566
23
24
   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25 TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:        STEPHANIE YONEKURA
 2                             UNITED STATES ATTORNEY
                               ROBERT DUGDALE
 3                             CHIEF, CRIMINAL DIVISION
                               BY:  ANN KIM
 4                             ASSISTANT UNITED STATES ATTORNEY
                               312 NORTH SPRING STREET
 5                             LOS ANGELES, CALIFORNIA  90012

 6
     FOR THE DEFENDANT:        SEAN K. KENNEDY
 7                             FEDERAL PUBLIC DEFENDER
                               BY:  NEHA A. MEHTA
 8                             DEPUTY FEDERAL PUBLIC DEFENDER
                               321 EAST 2ND STREET
 9                             LOS ANGELES, CALIFORNIA  90012

10   ALSO PRESENT:             BARBARA HONG LI
                               CANTONESE INTERPRETER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

I N D E X

CASE NO. 14-MJ-2516                              DECEMBER 30, 2014

PROCEEDINGS:   DETENTION HEARING

```
 1    LOS ANGELES, CALIFORNIA; TUESDAY, DECEMBER 30, 2014; 9:54 A.M.
 2              THE CLERK:  PLEASE REMAIN SEATED.
 3              THIS UNITED STATES DISTRICT COURT IS NOW IN SESSION.
 4    THE HONORABLE JEAN P. ROSENBLUTH, UNITED STATES MAGISTRATE
 5    JUDGE, PRESIDING.
 6              CALLING CASE NUMBER 14-MJ-2516, UNITED STATES OF
 7    AMERICA VERSUS QUANG CHAM.
 8              COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE
 9    RECORD.
10              MS. KIM:  GOOD MORNING, YOUR HONOR.
11              ANN KIM ON BEHALF OF THE UNITED STATES.
12              THE COURT:  GOOD MORNING.
13              MS. MEHTA:  GOOD MORNING, YOUR HONOR.
14              NEHA MEHTA ON BEHALF OF MR. CHAM.  HE IS PRESENT
15    BEING ASSISTED BY THE MANDARIN INTERPRETER.
16              THE INTERPRETER:  CANTONESE.
17              MS. MEHTA:  CANTONESE.  I'M SORRY.
18              THE COURT:  ALL RIGHT.  THANK YOU.
19              AND WHY DON'T WE HAVE THE INTERPRETER'S APPEARANCE AS
20    WELL.
21              THE INTERPRETER:  YES, YOUR HONOR.
22              BARBARA HONG LI, CALIFORNIA STATE COURT CERTIFIED AND
23    U.S. FEDERAL COURT APPROVED.
24              THE COURT:  ALL RIGHT.  THANK YOU.
25              THE INTERPRETER:  THANK YOU.
```

1            OATH ON FILE.

2            THE COURT:  ALL RIGHT.  GREAT.

3            MR. CHAM, LET ME ASK YOU.  HAVE YOU UNDERSTOOD SO FAR

4  THE TRANSLATION THAT'S BEEN PROVIDED FOR YOU?

5            THE DEFENDANT:  YES, I DO.

6            THE COURT:  ALL RIGHT.  THANK YOU.

7            ALL RIGHT.  WELL, WE ARE HERE FOR THE CONTINUED

8  DETENTION HEARING.

9            SO, MS. MEHTA, I HAVE RECEIVED THE REVISED PRETRIAL

10 SERVICES REPORT AND REVIEWED IT.  BUT WHY DON'T YOU LET ME KNOW

11 WHAT YOU HAVE TO OFFER.

12           MS. MEHTA:  YES, YOUR HONOR.  IF I MAY BE HEARD FROM

13 THE LECTERN.

14           THE COURT:  SURE.

15           MR. MEHTA:  YOUR HONOR, MR. CHAM HAS BEEN IN THE

16 UNITED STATES SINCE 1985.  HE HAS LONG-TERM RESIDENCE HERE,

17 PARTICULARLY IN LOS ANGELES COUNTY.  HE RECEIVED HIS HIGH

18 SCHOOL DIPLOMA HERE.

19           SINCE THAT TIME THERE HAS NOT BEEN ANY TRAVEL.  HE

20 DOES NOT HAVE A PASSPORT.  HE HAS FAMILY WHO LIVE IN LOS

21 ANGELES THAT ARE VERY SUPPORTIVE OF HIM, HIS BROTHERS AND

22 SISTERS AND PARENTS.

23           HIS IMMIGRATION STATUS IS SOMEWHAT UNKNOWN, BUT I

24 DON'T THINK THAT SHOULD BE A REASON FOR THE COURT TO DENY BAIL.

25           IT'S BEEN MY EXPERIENCE AND UNDERSTANDING IF SOMEONE

1   IS DETAINED IN ICE CUSTODY, THEY CAN ONLY BE DETAINED A CERTAIN
2   AMOUNT OF TIME BEFORE THEY HAVE TO BE DEPORTED OR RELEASED IF
3   THEY HAVE A PENDING FEDERAL CASE.
4            SO, EVEN THOUGH WE'RE NOT SURE OF THE EXACT NATURE OF
5   HIS IMMIGRATION STATUS, I DON'T THINK THAT THAT'S A REASON TO
6   DENY BAIL IN THIS CASE.  HE DOES INDICATE THAT HE CHECKS INTO
7   IMMIGRATION ON A REGULAR BASIS.  HE HAS HAD A POSITIVE HISTORY
8   OF EMPLOYMENT, WORKING FOR COMPANIES SUCH AS UPS, SEARS, AND
9   FOREVER 21.
10           HE ALSO HAS A VALID DRIVER'S LICENSE.
11           HE HAS A STABLE RESIDENCE TO GO TO TO LIVE WITH HIS
12  MOTHER WHO HE HAS BEEN LIVING WITH FOR QUITE SOME TIME.
13           THE COURT:  BUT HE'S NOT EMPLOYED -- HE WAS NOT
14  EMPLOYED IMMEDIATELY BEFORE HE WAS ARRESTED, CORRECT?
15           MS. MEHTA:  THAT IS CORRECT, YOUR HONOR.
16           HOWEVER, HE IS WILLING TO WORK.  HE IS ALSO WILLING
17  TO PARTICIPATE IN A DRUG-TREATMENT PROGRAM SHOULD THE COURT
18  DEEM THAT NECESSARY.
19           HIS -- HE DOES HAVE TWO PRIORS.  THEY ARE SOMEWHAT
20  OLD, 2007, 2009.
21           AS FAR AS THE OFFENSE GOES --
22           THE COURT:  WELL, CAN YOU TELL ME -- I DIDN'T REALLY
23  UNDERSTAND FROM THE PRETRIAL SERVICES REPORT -- AND MAYBE THE
24  PRETRIAL SERVICES OFFICER IS A BETTER PERSON TO ANSWER THIS.
25           BUT WHAT IS THE NATURE OF THAT SECOND CONVICTION?

1            MS. MEHTA: I BELIEVE IT'S NON-VIOLENT, BUT IT'S DRUG
2    RELATED. THAT'S --
3            THE COURT: SO, WHERE -- BECAUSE ALL -- WHAT THIS
4    SAYS IS "MISCELLANEOUS OFFENSE."
5            MS. MEHTA: "MISCELLANEOUS" -- YES.
6            THE COURT: ALL RIGHT. SO, IT'S SOME KIND OF DRUG
7    OFFENSE.
8            MS. MEHTA: YES.
9            THE COURT: ALL RIGHT.
10           MS. MEHTA: BUT I DON'T BELIEVE THAT IT'S -- IT'S A
11   VIOLENT OFFENSE. BUT, OBVIOUSLY, I CAN'T SAY FOR SURE --
12           THE COURT: ALL RIGHT.
13           MS. MEHTA: -- BUT THAT'S THE INFORMATION I RECEIVED.
14   AS FAR AS THE OFFENSE, YOUR HONOR, IT'S NOT THE MOST
15   IMPORTANT FACTOR AS THE COURT KNOWS IN DETERMINING BAIL. BUT
16   MR. CHAM MAINTAINS HE DID NOT KNOW THAT HE WAS IN ANY WAY A
17   WANTED FUGITIVE. HIS FIRST TIME LEARNING ABOUT THIS CASE IS
18   WHEN HE WAS ARRESTED.
19           THERE IS NO QUANTITY ALLEGED AS OF NOW IN THE
20   INDICTMENT. SO, HOPEFULLY, THAT'S A GOOD SIGN IN TERMS OF -- I
21   KNOW IN THIS DISTRICT THAT COULD MEAN SOMEONE MAY RECEIVE
22    "HOLDER MEMO TREATMENT" THAT DOES NOT TRIGGER A MANDATORY
23   MINIMUM. CAN'T SPEAK FOR IOWA, BUT THAT COULD BE A POSSIBLE
24   REASON.
25           HIS BROTHER AND HIS SISTER WHO SPOKE TO PRETRIAL --

1    AND I ALSO HAD AN OPPORTUNITY TO SPEAK TO -- ARE BOTH WILLING
2    SURETIES.  THEY'RE BOTH GAINFULLY EMPLOYED.  THEY'RE VERY
3    SUPPORTIVE OF THEIR BROTHER.  THEY WANTED TO BE HERE, BUT
4    THEY'RE BOTH WORKING TODAY.
5             MR. CHAM IS WILLING TO SUBMIT TO ALL AND ANY
6    CONDITIONS THE COURT PLACES ON HIM, INCLUDING ELECTRONIC
7    MONITORING, DRUG TREATMENT, DRUG TESTING, AND WILLING TO MAKE
8    HIS WAY TO IOWA FOR ALL HIS COURT APPEARANCES.
9             THE COURT:  BUT HE DOESN'T -- THERE'S NOBODY THAT HAS
10   ANY PROPERTY TO POST; IS THAT CORRECT?
11            MS. MEHTA:  THAT IS CORRECT, YOUR HONOR.
12            THE COURT:  ALL RIGHT.
13            ALL RIGHT.  LET ME HEAR FROM MS. KIM.
14            MS. MEHTA:  THANK YOU.
15            MS. KIM:  THANK YOU, YOUR HONOR.
16            THE GOVERNMENT MAINTAINS THE SAME POSITION IT DID
17   WHEN WE ORIGINALLY MET FOR THIS DETENTION HEARING, WHICH IS,
18   THAT THIS DEFENDANT SHOULD BE DETAINED.
19            AS YOUR HONOR KNOWS, THIS IS A PRESUMPTION CASE.  AND
20   IT INVOLVES A QUANTITY OF DRUGS THAT, ALTHOUGH NOT ALLEGED,
21   IT'S STILL QUITE A BIT OF DRUGS.
22            MOREOVER, THE NOVEMBER 2014 CONTACT THAT THE
23   DEFENDANT HAD WITH LAW ENFORCEMENT WAS ANOTHER METHAMPHETAMINE
24   BUY BUST THAT HE WAS INVOLVED WITH.  SO, EVEN AFTER HE WAS
25   ORIGINALLY DETAINED IN MAY OF 2014, ONE OF THE OVERT ACTS THAT,

1 YOU KNOW, ARE ALLEGED IN OR AT LEAST THAT IS A PART OF THE

2 INDICTMENT FROM THE DISTRICT OF IOWA, HE CONTINUED TO POSSESS

3 WITH THE -- POSSESSED FOR SALE METHAMPHETAMINE.

4     THE DEFENDANT'S PROFFER IS NOT ENOUGH TO ESTABLISH

5 THAT HE IS NOT A DANGER TO THE COMMUNITY NOR THAT HE POSES A

6 FLIGHT RISK. HE DOES FACE A SUBSTANTIAL SENTENCE

7 NOTWITHSTANDING THE FACT THAT THIS WAS CHARGED AS A B(1)(C)

8 DRUG CONSPIRACY.

9     THE FACT THAT --

10     THE COURT: SO, IS IT YOUR -- I MEAN, I KNOW THAT IN

11 YOUR NOTICE OF DETENTION YOU -- REQUEST FOR DETENTION YOU SAID

12 THIS WAS A PRESUMPTION CASE.

13     MS. KIM: IT IS A PRESUMPTION CASE, YOUR HONOR.

14     THE COURT: BUT HOW -- AND, SO, IS THAT JUST BECAUSE

15 ANY AMOUNT OF METHAMPHETAMINE TRIGGERS THAT SENTENCE?

16     MS. KIM: IT'S ANY DRUG CHARGE THAT TRIGGERS A

17 SENTENCE OF 20 -- A MAXIMUM --

18     THE COURT: RIGHT.

19     MS. KIM: -- TERM OF 20 YEARS OR MORE, IN THIS CASE A

20 (B)(1)(C) CHARGE.

21     THE COURT: I THINK IT'S 10 YEARS, BUT.

22     MS. KIM: TEN YEARS OR MORE. IN THIS CASE A

23 (B)(1)(C) QUANTITY WOULD TRIGGER THAT --

24     THE COURT: ALL RIGHT.

25     MS. KIM: -- THAT 10-YEAR MAXIMUM STATUTORY SENTENCE.

1      THE COURT: ALL RIGHT. I'M JUST TRYING TO FIND OUT
2 --
3      MS. KIM: THE FACT THAT --
4      THE COURT: I'M SORRY. IF YOU CAN -- I'M JUST TRYING
5 TO FIND A COPY OF THE INDICTMENT, WHICH I KNOW IS IN HERE.
6 JUST ONE SECOND.
7      HERE IT IS.
8      ALL RIGHT.
9      MS. KIM: IT'S PART OF THE ARREST WARRANT.
10     THE COURT: ALL RIGHT. YES, I'VE GOT IT. THANK YOU.
11     (PAUSE IN PROCEEDINGS.)
12     THE COURT: OKAY.
13     AND DO YOU HAVE ANY LIGHT TO SHED ON THE IMMIGRATION
14 MYSTERY? BECAUSE I GATHER THAT HE'S A CITIZEN OF HONG KONG,
15 WHICH USUALLY TO MY KNOWLEDGE DOES TAKE DETAINEES. AND, YET,
16 THE ONLY THING I CAN THINK OF IS THAT HIS COUNTRY WON'T TAKE
17 HIM BACK WHICH IS WHY HE'S HERE.
18     MS. KIM: I DON'T HAVE ANY INFORMATION ON HIS
19 IMMIGRATION STATUS.
20     THE AGENTS IN IOWA DID TRY TO CONTACT THE CONSULAR TO
21 GIVE THEM NOTIFICATION OF THE DEFENDANT'S ARREST.
22     THE CONSULATE ONLY ANSWERS THE PHONE FOR TWO HOURS AT
23 A TIME ON ANY GIVEN DAY. THEY LEFT A MESSAGE DETAILING THE
24 ARREST AND A PHONE NUMBER TO CONTACT THE AGENT SO THAT THEY
25 COULD SPEAK AND GIVE THEM NOTICE. THAT CONTACT HAS NOT BEEN

```
 1   MADE BY THE CONSULATE.
 2             THE COURT:  ALL RIGHT.
 3             AND DO WE HAVE A PRETRIAL SERVICES OFFICER HERE?
 4             (THE COURT AND CLERK CONFERRING.)
 5             THE COURT:  ALL RIGHT.
 6             MS. KIM:  I DO NOT KNOW.
 7             THE COURT:  BECAUSE I KNOW THAT THE PRETRIAL -- THE
 8   REVISED PRETRIAL REPORT SAYS THAT THEY WERE NOT ABLE TO CONFIRM
 9   HIS IMMIGRATION STATUS EITHER.  AND I WAS JUST WONDERING WHAT
10   -- WHAT EXACTLY THEY FOUND OUT, BUT.
11             ALL RIGHT.
12             IS THERE ANYTHING FURTHER, MS. MEHTA, THAT YOU WISH
13   TO ADD.
14             MS. MEHTA:  JUST REAL QUICK, YOUR HONOR.
15             I WILL NOTE, TOO, THAT IN MR. CHAM'S CRIMINAL HISTORY
16   THERE ARE NO FAILURE TO APPEARS.  THERE ALSO APPEARS TO BE A
17   THREE-YEAR PERIOD OF PROBATION.  THERE'S NO PROBATION
18   VIOLATIONS, WHICH DOES SUGGEST THAT MR. CHAM KNOWS HOW TO
19   FOLLOW THE RULES.  HE'S HAD EXPERIENCE WITH THE CRIMINAL
20   JUSTICE SYSTEM, WHICH ACTUALLY CAN BE A GOOD THING BECAUSE HE
21   KNOWS THE CONSEQUENCES OF NOT SHOWING UP TO COURT AND NOT
22   FOLLOWING THROUGH.
23             SO, AGAIN, I THINK THAT --
24             THE COURT:  WELL, BUT HE APPARENTLY DOESN'T KNOW THE
25   CONSEQUENCES OF NOT COMMITTING ANOTHER CRIME BECAUSE HE -- HE
```

1   IS ALLEGED TO HAVE COMMITTED ANOTHER VERY SERIOUS CRIME AFTER
2   BEING RELEASED FOR TWO PRIOR OFFENSES.  SO, YOU KNOW, THAT
3   ARGUMENT DOESN'T CARRY SO MUCH WEIGHT WITH ME.
4           MS. MEHTA:  YES, YOUR HONOR.  AND -- BUT THOSE --
5   THESE ARE JUST ALLEGATIONS AT THIS POINT.  THAT'S WHY, YOU
6   KNOW, WE HAVE --
7           THE COURT:  NO, I UNDERSTAND.
8           MS. MEHTA:  -- TRIALS.
9           AND I WOULD JUST POINT OUT THAT THERE ARE CONDITIONS
10  HERE THAT THE COURT CAN PLACE, INCLUDING ELECTRONIC MONITORING
11  AND STRICT CONDITIONS THAT MR. CHAM IS WILLING TO ABIDE BY.
12          THE COURT:  ALL RIGHT.  THANK YOU.
13          MS. MEHTA:  THANK YOU.
14          THE COURT:  I THINK THAT THIS IS A SOMEWHAT CLOSE
15  CASE, BUT THE FACT THAT HE DOES NOT HAVE ANY PROPERTY TO POST
16  IS -- KIND OF TIPS THE BALANCE IN THE GOVERNMENT'S FAVOR.
17          YOU KNOW, THERE ARE -- THIS IS A PRESUMPTION CASE,
18  AND I TAKE THAT SERIOUSLY, WHICH DOESN'T MEAN IT CAN'T BE
19  REBUTTED.  FOR INSTANCE, I THINK THAT IF HE DID HAVE SOME
20  PROPERTY FROM SOME SOURCE, THAT MIGHT MAKE A DIFFERENCE.
21          THE DEFENDANT:  (SPEAKING IN CANTONESE.)
22          THE COURT:  IS THERE A --
23          MS. MEHTA:  MAY I HAVE A MOMENT.
24          THE COURT:  SURE.
25          (DEFENSE COUNSEL AND CLIENT CONFERRING.)

1           MS. MEHTA: I APOLOGIZE.

2           THE COURT: OH, NO PROBLEM.

3           ALL RIGHT. SO, WE'VE GOT THE FACT THAT THIS IS A
4  PRESUMPTION CASE.

5           AND THEN, ALSO, THAT HE IS APPARENTLY NOT A UNITED
6  STATES CITIZEN AND IS HERE ILLEGALLY, AND THAT WE DON'T QUITE
7  KNOW WHAT'S GOING ON WITH THAT.

8           AND THAT -- THAT'S IMPORTANT BECAUSE IF I WERE TO
9  RELEASE HIM, AND FOR WHATEVER REASON THERE'S SOME PROBLEM WITH
10 SOME KIND OF ICE DETAINER, AND, YET, HE'S NOT SUPPOSED TO BE
11 HERE, IF HE WERE TO FLEE, I THINK IT MIGHT SORT OF COMPOUND THE
12 CONSEQUENCES. AND, SO, I'M A LITTLE CONCERNED ABOUT THE FACT
13 THAT HIS IMMIGRATION STATUS IS UP IN THE AIR. AND NOBODY CAN
14 QUITE TELL ME WHAT'S GOING ON THERE.

15          I AM CONCERNED, TOO, ABOUT THE FACT THAT HE'S
16 UNEMPLOYED. I DON'T LIKE TO MAKE PEOPLE LOSE THEIR JOBS, BUT
17 HE DIDN'T HAVE A JOB.

18          AND ALTHOUGH, MS. MEHTA, YOU DID A GOOD JOB OF LAYING
19 OUT THE FACT THAT HE -- HE HAS BEEN EMPLOYED REGULARLY, HE
20 DIDN'T STAY AT ANY OF THOSE PLACES OF EMPLOYMENT FOR A TERRIBLY
21 LONG PERIOD OF TIME. AND I THINK IT'S A MONTH AND TWO MONTHS,
22 AND -- THE MOST RECENT ONES. AND THAT IS TROUBLING AS WELL.

23          AND, THEN, FINALLY THE FACT THAT THERE IS APPARENTLY
24 A SUBSTANCE ABUSE PROBLEM I THINK ALSO LEADS ME TO CONCLUDE
25 THAT BASED ON THIS RECORD HE IS A FLIGHT RISK, AND THAT NO

1  COMBINATION OF CONDITIONS OR CONDITION CAN REASONABLY ASSURE
2  HIS APPEARANCE AS REQUIRED.
3              SO, I AM GOING TO FIND THAT HE SHOULD BE HELD IN
4  CUSTODY PENDING THE PROCEEDINGS IN IOWA.  AND HE WILL BE
5  REMANDED TO THE CUSTODY OF THE U.S. MARSHAL FOR TRANSPORTATION
6  FORTHWITH TO THE -- I THINK IT'S THE SOUTHERN DISTRICT OF IOWA.
7              MS. MEHTA:  THAT'S CORRECT.
8              THE COURT:  IT IS -- YES, THE SOUTHERN DISTRICT OF
9  IOWA.
10             ALL RIGHT.  IS THERE ANYTHING FURTHER?
11             MS. MEHTA:  NOTHING FURTHER.  THANK YOU.
12             MS. KIM:  NOTHING FURTHER, YOUR HONOR.
13             THE COURT:  ALL RIGHT.  THANK YOU.
14             THE CLERK:  THIS COURT IS NOW ADJOURNED.
15             (PROCEEDINGS ADJOURNED AT 10:06 A.M.)

C E R T I F I C A T E

    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/ DOROTHY BABYKIN                              3/9/15

_____                   _____

FEDERALLY CERTIFIED TRANSCRIBER                  DATED

DOROTHY BABYKIN